UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**TIMOTHY D. BURTON**                                                                                      **PLAINTIFF**

**v.**                                                                     **CIVIL ACTION NO. 3:25-CV-391-JHM**

**CROTHALL HEALTHCARE SERVICES**                                                **DEFENDANT**

## MEMORANDUM OPINION

This matter is before the Court for review of *pro se* Plaintiff Timothy D. Burton's second amended complaint[1] (DN 11) pursuant to 28 U.S.C. § 1915(e)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons that follow, the Court will dismiss this action.

**I.**

Plaintiff sued Crothall Healthcare Services under Title VII of the Civil Rights Act of 1964 for alleged discrimination and retaliation on the basis of his race and color (DN 7). As relief, he asked the Court to consider, "1. Violation of my civil rights, retaliation 2. Punitive damages 3. Damages for emotional distress 4. Back pay. My general wellbeing was off. My psyche was not in the right place, due to all these issues." He attached a right-to-sue letter from the Equal Employment Opportunity Commission, several pages of emails, and what appeared to be an unsworn statement from a fellow employee.

On initial review, the Court determined that because Plaintiff failed to provide any factual support, his allegations were insufficient to state a claim under Title VII but allowed him to file a second amended complaint to set forth pertinent facts to support his allegations that Defendant discriminated and retaliated against him.

---

[1] Plaintiff initially filed his complaint on his own paper. The Court ordered that he file his complaint on the Court-approved employment-discrimination complaint form, which Plaintiff did. It was filed as an amended complaint.

Plaintiff has filed a second amended complaint which sets forth the same allegations, virtually *verbatim*, as his previous amended complaint as set forth above. Other than that, Plaintiff states only, "Please see timeline in file" and "please see timeline for complaints also emails were sent to HR as well." He again attaches his right-to-sue letter.

## II.

Under § 1915(e)(2), "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).

This Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, when considering a *pro se* complaint, "the court is

not required to accept non-specific factual allegations and inferences or unwarranted legal conclusions*.*" *Hendrock v. Gilbert*, 68 Fed App'x 573, 574 (6th Cir. 2003) (affirming trial court's dismissal of a vague, conclusory, and factually insufficient complaint.).

Plaintiff's second amended complaint once again offers only barebones allegations that Defendant discriminated against him on the basis of race and color and provides no facts in support. He only points to unspecified documents not attached to the second amended complaint. As the Court previously explained, even if he had attached those documents, the Court "is not required to comb through his unexplained exhibits to pick out the best facts in support of his claim when he has failed to allege them with any clarity." *Plemons v. Core Civic*, No. 1:19-CV-00062, 2019 WL 3934680, at *3 (M.D. Tenn. Aug. 20, 2019).

Because Plaintiff fails to provide any factual support, his allegations are insufficient to state a claim under Title VII. *See Ward v. Brownner*, No. 2:22-CV-00033-SCJ-JCF, 2022 WL 22801203, at *2 (N.D. Ga. May 3, 2022) ("Plaintiff has not provided any factual support for her Title VII, ADEA, or ADA claims, and her conclusory allegations of discrimination and retaliation—devoid of any factual enhancement about who took these actions, when they were taken, and whether they were taken because of Plaintiff's statutorily protected characteristics and/or activity—are plainly insufficient to state a claim for which relief can be granted under Title VII, the ADEA, and the ADA."); *Bhuiyan v. Dep't of Treasury*, No. 2:24-CV-3964, 2024 WL 4835549, at *2 (S.D. Ohio Nov. 20, 2024) ("All of Plaintiff's [employment discrimination] claims must be dismissed because his allegations are threadbare. Plaintiff does not allege facts sufficient to raise a reasonable inference that any of Defendant's alleged actions were unlawful."), *report and recommendation adopted*, 2025 WL 79634 (S.D. Ohio Jan. 13, 2025). Accordingly, this action must be dismissed for failure to state a claim upon which relief may be granted.

### III.

For the foregoing reasons, the Court will, by separate Order, dismiss this action.

Date: December 11, 2025

*Joseph H. McKinley*

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:   Plaintiff, *pro se*
      Counsel of record
4414.009

4